00-40082

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DISTRICT

C.A.No.____________

DOCKETED

FILED IN CLERK'S OFFICE 2000 MAY 16 A 10: 4_ U.S. DISTRICT COURT DISTRICT OF MASS.

MICHAEL DEMERS, a Minor by and through his parent and next friend, JOHN DEMERS,
Plaintiff,

v

LEOMINSTER SCHOOL DEPARTMENT, DR. JOSEPH RAPPA, in his capacity as Superintendent of Schools; JUDITH P. MULKERN, in her capacity as Principal of Northwest School; and SUSAN HITCHCOCK, in her capacity as Pupil Personnel Director;
Defendants

VERIFIED COMPLAINT
and
REQUEST FOR EMERGENCY
INJUNCTIVE RELIEF

**NATURE OF THE ACTION**

1. This action is brought pursuant to 42 U.S.C. sec. 1983, 28 U.S.C. sec. 2201, and Massachusetts state law, arising out of the violation of rights guaranteed to the Plaintiff by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution and Arts. CVI, X, XI, & LXXVII of the Massachusetts Declaration of Rights.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. sec. 1331, 1343, 1367, and 2201.

3. Venue in the United States District Court for the Central District of Massachusetts is proper pursuant to 28 U.S.C. sec. 1391(b).

RECEIPT # 403137
AMOUNT $ 150.00
SUMMONS ISS.
LOCAL RULE 4.1
WAIVER OF SERV.
MCF ISSUED
AO 120 OR 121
BY DPTY CLK
DATE 5-16-00

**PARTIES**

4. Plaintiff Michael Demers, at all times relevant hereto, is a fifteen-year-old eighth grader who was enrolled at Northwest School in Leominster, Massachusetts and a resident of Leominster, Massachusetts. He has been classified by the School Department as a Special Needs student (SPED) following an evaluation TEAM pursuant to M.G.L. c. 766 . The SPED department receives Federal funding pursuant to M.G.L. c. 15 sec. 1M.

5. Defendant Leominster School Department (the "School Department") is a duly organized school department of the Commonwealth of Massachusetts. The Leominster School Department is responsible for the operation of, inter alia, Northwest School. The Leominster School Department is a proper party to this action pursuant to M.G.L. c. 71 sec. 1. The Leominster School Department receives Federal funds pursuant to M.G.L. c. 44 sec 53A.

6. Defendant Joseph Rappa (the "Superintendent") is the duly appointed Superintendent of the Leominster Public Schools pursuant to M.G.L. c. 71 sec. 59. As such, he is responsible for the day to day care and supervision of the public schools.

7. Defendant Judith P. Mulkern (the "Principal") is the duly appointed principal of Northwest School, pursuant to M.G.L. c. 71 sec. 59B. As such, she is responsible for the day to day supervision of the management and operation of the Northwest School.

8. Defendant Susan Hitchcock (the "Director") is duly employed as a Pupil Personnel Director for the Leominster School department, pursuant to rules and regulations adopted by the Leominster School Committee. As such, she is responsible for the placement of students assigned to Northwest School.

**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

9. Following a TEAM meeting during which an Individualized Education Plan ("I.E.P.") was created for Michael, it was approved by the Principal on 2/14/00, the SPED Coordinator C.A. Fariviere on 3/7/00, and accepted by Sandra Demers on 3/10/00. The IEP was to be in effect from 1/8/2000 to 1/10/2001. [See IEP, attached as Plaintiff's Exhibit 1]

10. On or about Wednesday, April 5, 2000 Michael was in Mrs. Roselli's English class. He was talking to other kids and she told him to stop. When he continued, she told him to leave the class.

11. Michael left Mrs. Roselli's classroom and went next door to Mr. Gendron's classroom. Mr. Gendron is Michael's math teacher. He informed Mr. Gendron that he had been ordered to leave Mrs. Roselli's classroom and he told him why. Mr. Gendron told Michael that he could remain in his classroom, and that he would give him an assignment.

12. Mr. Gendron gave Michael a piece of paper and some crayons and told Michael to draw a picture about how he felt about being kicked out of Mrs. Roselli's class. Michael drew a picture of the school with explosives planted around it. He gave the picture to Mr. Gendron.

13. Mr. Gendron asked Michael if he planned on doing anything like that, and Michael said no, he was just expressing his anger. Mr. Gendron took the drawing to the Principal's office. Nothing more was said about the picture that day.

14. Michael returned to his regular classes for the rest of the week.

15. On Friday, April 7, Michael was called into the Principal's office and confronted with his picture. He told the Principal that it was an assignment by Mr. Gendron, and he was only expressing his feelings. He was asked to wait outside the Principal's office while Mr. Gendron was questioned outside Michael's presence. [See Disciplinary Record, Plaintiff's Exhibit 2]

16. Michael's parents were not called for this meeting.

17. After Mr. Gendron left the Principal's office, the Principal told Michael he was suspended **immediately** and to go see Susan Hitchcock, the Student Personnel Director.

18. Michael went to see the Director. She told him that if he got "cleared" by a psychiatrist and got "medication", he could return to school.

19. On Tuesday, April 11, 2000 a meeting was held with Michael, his dad, the Principal, the Director, Mrs. O'Brien (the school Psychologist), and a Mr. Hathaway. Michael was told that a condition of his returning to Northwest was a mandatory visit to a psychiatrist.

20. Michael was offended that he had to see a psychiatrist because the school didn't like the drawing he made at Mr. Gendron's request to "express his feelings". He felt betrayed by the teachers. He refused to go to a psychiatrist as required.

21. On May 1, 2000, the Principal, the Director, the Psychologist, and the Guidance Counselor met and decided to "exlude" [expel] Michael for the rest of the school year [over 30 days] because of his "extremely violent drawings". [See Letter to Superintendent, Plaintiff's Exhibit 3]. When John Demers was informed of this, he asked the Principal about the law , M.G.L. c. 76 sec. 1, requiring Michael to attend school, he was told that John could arrange for "home schooling".

22. John Demers is disabled with fibromyalgia. He receives approximately $1100 per month from SSDI. He has three children, Matthew (age 8), Jamie (age 10) and Michael. Matthew and James have been diagnosed with lead poisoning and are also SPED students.

23. On May 6, 2000 , this counsel sent a certified letter to Superintendent Rappa requesting an immediate appeal hearing of the expulsion. The letter was received on May 8, 2000. [See Appeal to Superintendent, Plaintiff's Exhibit 4]

24. On May 8, 2000, this counsel called the Superintendent's office to follow up on the letter. He was refered to the Director.

25. On May 9, 2000 this counsel called the Director and requested an immediate hearing. The Director said there would be no hearing. This counsel demanded that Michael be immediately reinstated in school. The Director said that Michael was not going to return to school, and that "they were only required to provide him with an alternative education plan". There was no TEAM evaluation and parent consent to an interim placement.

26. The Director then called John and Sandra Demers and offered to place Michael in an alternative school in Lancaster, Mass. Susan Hitchcock made every effort to interfere with the attorney-client relationship by offering to negotiate with the parents if they would "get rid of their lawyer" as their son would "never return to Northwest School."

**SUMMARY OF THE CASE**

27. Michael Demers was expelled from a public school because the school did not approve of his art work after he was asked to express his feelings. He was then ordered to undergo a psychiatric evaluation and provide the school with the results as a condition of his return.

When he refused, and demanded an appeal before the Superintendent as required by law, he was denied an appeal hearing.

The Defendants are suffering from "post-Columbine hysteria" and have denied the Plaintiff his most fundamental rights.

**COUNT I**
**VIOLATION OF FREE SPEECH UNDER FEDERAL LAW**

28. Paragraphs 1 through 27 are incorporated by reference as if fully set forth herein.

29. The actions of Defendants, as described herein, have denied and infringed upon the right to Freedom of Speech guaranteed to Plaintiff by the First and Fourteenth Amendments of the the United States Constitution.

30. The actions of Defendants, as described herein, were taken under color of state law in direct violation of Plaintiff's constitutional rights, and are therefore actionable under 42 U.S.C. sec. 1983.

31. As a direct result of Defendant's actions, Plaintiff has suffered direct and immediate violation his fundamental right guaranteed by the United States Constitution and is therefore entitled to monetary damages, attorneys' fees, and injunctive and declaratory relief, pursuant to the Federal Rules of Civil Procedure 57 and 65, and 28 U.S.C. sec. 2201, to redress, remedy, and prevent irreparable harm and future violations of his rights and the rights of others.

**COUNT II**
**VIOLATION OF FREE SPEECH UNDER STATE LAW**

32. Paragraphs 1 through 31 are incorporated by reference as if fully set forth herein.

33. The actions of Defendants, as described herein, have denied and infringed upon the Right to Free Speech guaranteed to the Plaintiff by Art. LXXVII of the Massachusetts Declaration of Rights and by M.G.L. c. 71 sec. 82 , the "Students Bill of Rights".

34. The actions of Defendants, as described herein, were taken under color of state law in direct violation of Plaintiff's constitutional rights, and are therefore actionable under the law of the Commonwealth of Massachusetts.

35. As a direct result of Defendants' actions, Plaintiff has suffered direct and immediate violation of his fundamental rights guaranteed by the Massachusetts Declaration of Rights and is therefore entitled to monetary damages, attorneys' fees, and injunctive and declaratory relief to redress, remedy, and prevent irreparable harm and future violations of his rights and the rights of others.

**COUNT III**
**VIOLATION OF THE RIGHT TO PRIVACY UNDER FEDERAL LAW**

36. Paragraphs 1 through 35 are incorporated by reference as if fully set forth herein.

37. The actions of Defendants, as described herein, have denied and infringed upon the Right to Privacy guaranteed to the plaintiff by the Fourth and Fourteenth Amendments of the United States Constitution.

38. The actions of Defendants, as described herein, were taken under color of state law in direct violation of Plaintiff's constitutional rights, and are therefore actionable under 42 U.S.C. sec. 1983.

39. As a direct result of Defendants' actions, Plaintiff has suffered direct and immediate violation of his fundamental rights guaranteed by the United States Constitution and is therefore entitled to monetary damages, attorneys'fees, and injunctive and declaratory relief, pursuant to Federal Rules of Civil Procedure 57 and 65, and 28 U.S.C. sec.2201, to redress, remedy, and prevent irreparable harm and future violations of his rights and the rights of others.

**COUNT IV**
**VIOLATION OF THE RIGHT TO PRIVACY UNDER STATE LAW**

40. Paragraphs 1 through 39 are incorporated by reference as if fully set forth herein.

41. The actions of Defendants, as described herein, have denied and infringed upon the Right to Privacy guaranteed to Plaintiff by Art. CVI of the Massachusetts Declaration of Rights and M.G.L. c. 214 sec. 1B; M.G.. c. 123 sec. 36; 104 CMR 2.07.; and M.G.L. 233 sec. 20B.

42. The actions of Defendants, as described herein, were taken under color of state law in direct violation of the Plaintiff's constitutional rights, and are therefore actionable under the law of the Commonwealth of Massachusetts.

43. As a direct result of Defendants' actions, Plaintiff has suffered direct and immediate violation of his fundamental rights guaranteed by the Massachusett Declaration of Rights and is therefore entitled to monetary damages, attorneys' fees, and injunctive and declaratory relief to redress, remedy and prevent irreparable harm and future violations of his rights and the rights of others.

**COUNT V**
**DUE PROCESS VIOLATION UNDER FEDERAL LAW**

44. Paragraphs 1 through 43 are incorporated by reference as if fully set forth herein.

45. The actions of Defendants, as described herein, have denied and infringed upon the Right to Due Process guaranteed to the Plaintiff by the Fifth and Fourteenth Amendments of the United States Constitution; and the Federal Individuals with Disabilities Act [IDEA] as well as Section 504 of the Rehabilitation Act of 1973. Honig v Doe, 484 U.S. 305 (1988).

46. The actions of Defendants, as described herein, were taken under color of state law in direct violation of Plaintiff's constitutional rights, and are therefore actionable under 42 U.S.C. sec. 1983.

47. As a direct result of Defendants' actions, Plaintiff has suffered direct and immediate violation of his fundamental rights guaranteed by the United States Constitution and is therefore entitled to monetary damages, attorneys' fees, and injunctive and declaratory relief, pursuant to Federal Rules of Civil Procedure 57 and 65, and 28 U.S.C. sec. 2201, to redress, remedy, and prevent irreparable harm and future violations of his rights and the rights of others.

**COUNT VI**
**DUE PROCESS VIOLATION UNDER STATE LAW**

48. Paragraphs 1 through 47 are incorporated by reference as if fully set forth herein.

49. The actions of Defendants, as described herein, have denied and infringed upon rights guaranteed to the Plaintiff by Art. XI of the Massachusetts Declaration of Rights and M.G.L. c. 71 sec. 37H; M.G.L. c. 151C sec.1-5; M.G.L. c. 76 sec. 16.; and M.G.L. c. 76 sec. 16 & 17.

50. The actions of Defendants, as described herein, were taken under color of state law in direct violation of Plaintiff's constitutional rights, and are therefore actionable under the law of the Commonwealth of Massachusetts.

51. As a direct result of Defendants' actions, Plaintiff has suffered direct and immediate violation of his fundamental rights guaranteed by the Massachusetts Declaration of Rights and is therefore entitled to monetary damages, attorneys' fees, and injunctive and declaratory relief to redress, remedy, and prevent irreparable harm and future violations of his rights and the rights of others.

**COUNT VII**
**EQUAL PROTECTION VIOLATION UNDER FEDERAL LAW**

52. Paragraphs 1 through 51 are incorporated by reference as if fully set forth herein.

53. The actions of the Defendants, as described herein, have denied and infringed upon the Plaintiff's Right to Equal Protection as guaranteed by Art. XIV sec. 1 of the United States Constitution.

54. The actions of Defendants, as described herein, were taken under color of state law in direct violation of Plaintiff's constitutional rights, and are therefore actionable under 42 U.S.C. sec. 1983.

55. As a direct result of Defendants' actions, Plaintiff has suffered direct and immediate violation of his fundamental rights guaranteed by the United States Constitution and is therefore entitled to monetary damages, attorneys' fees, and injunctive and declaratory relief, pursuant to Federal Rules of Civil Procedure 57 and 65, and 28 U.S.C. sec. 2201, to redress, remedy, and prevent irreparable harm and future violations of his rights and the rights of others.

**COUNT VIII**
**EQUAL PROTECTION UNDER STATE LAW**

56. Paragraphs 1 through 55 are incorporated by reference as if fully set forth herein.

57. The actions of Defendants, as described herein, have denied and infringed upon the Right of Equal Protection as guaranteed to Plaintiff by Arts. CVI , X and XI of the Massachusetts Declaration of Rights; M.G.L. c. 71 sec. 37H; and M.G.L. c. 15 sec. 1M; and M.G.L. c. 71B sec. 6.

58. The actions of Defendants, as described herein, were taken under color of state law in direct violation of the Plaintiff's constitutional rights and are therefore actionable under the laws of the Commonwealth of Massachusetts.

59. As a direct result of the Defendants actions, Plaintiff has suffered direct and immediate violation of his fundamental rights guaranteed by the Massachusetts Declaration of Rights and is therefore entitled to monetary damages, attorneys' fees, and injunctive and declaratory relief, to redress, remedy, and prevent irreparable harm and future violations of his rights and the rights of others.

## CLAIM FOR RELIEF

WHEREFORE, Plaintiff asks for judgment in his favor, including temporary and permanent injunctive relief and a declaration that the actions of Defendants as described herein were and are unconstitutional, illegal, void, and that the same were in contravention to Plaintiff's constitutional rights.

Further, Plaintiff seeks damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, damage to reputation and other nonpecuniary losses.

Plaintiff further asks for judgment that Defendants reimburse Plaintiff for his reasonable attorneys' fees, expenses and costs associated with the maintenance of this action, pursuant to 42 U.S.C. sec. 1988, and all such further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury for all of the above-stated causes of action.

Respectfully submitted,
Michael Demers
John Demers
by their counsel,

May 15, 2000

John Bosk, ACLU
PO 486
Fitchburg, Mass. 01420
978 342 4500
BBO# 559224

**VERIFICATION**

COMMONWEALTH OF MASSACHUSETTS
WORCESTER ,SS

Now on this 15th day of May, 2000, comes Michael Demers, Plaintiff in the above matter, first being duly sworn, on his oath states that he has read the above and foregoing, and that the facts contained therein are true according to his best knowledge, information and belief.

Michael Demers, Plaintiff

PAULINE M. CORMIER
Notary Public
Commonwealth of Massachusetts
My Commission Expires
February 2, 2007

Subscribed and sworn before me this 15th day of May, 2000.

My commission expires:

Notary Public

Now on this 15th day of May, 2000, comes John Demers, the parent and next friend of Plaintiff in the above matter, first being duly sworn, on his oath states that he has read the above and foregoing, and that the facts contained therein are true according to his best knowledge, information and belief.

John Demers, Parent and next friend of Plaintiff

Subscribed and sworn before me this 15th day of May, 2000.

My commission expires:

Notary Public

PAULINE M. CORMIER
Notary Public
Commonwealth of Massachusetts
My Commission Expires
February 2, 2007

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF EDUCATION

RECEIVED
MAR 15 2000
LEOMINSTER PUBLIC SCHOOL
SPECIAL EDUCATION OFFICE

INDIVIDUALIZED EDUCATIONAL PLAN (IEP)

RECEIVED FEB 1 NORTHWEST SPED

MEETING
Date: 01/18/00
Type:
- o Referral
- o Diagnostic
- n Initial Evaluation
- o Review # ____
- o Reevaluation
- o Amendment

School District: Leominster Public Schools

PART A: INFORMATION SECTION

**1. STUDENT INFORMATION**

Student Name: Demers (last) Michael (first) (middle)   Identification Number: 123456

Birth Date: 09/23/84  Age: Years 15 Months 4  Grade: 08  Primary Language: English

Address: 96 Blossom Street Leominster MA 01453-  Home Telephone: (978)534-9089

School Name/Address: Northwest School 45 Stearns Ave. Leominster MA 01453

School Telephone: (978)534-7756

**2. PARENT INFORMATION**

Information Below Pertains To: n Parent o Foster Parent o Guardian o Educational Advocate o Student

Name: JOHN &SANDI  Name:

Address: 96 Blossom Street Leominster MA 01453-  Address:

Home Telephone: (978)534-9089  Home Telephone:

Other Telephone: (978) -  Other Telephone: (978) -

Primary Language of the Home: English  Primary Language of the Home:

**3. INITIAL EVALUATION AND REEVALUATION INFORMATION**

**Prereferral Activities (for Initial evaluation only)**

Prereferral activities were implemented: n Yes, documented in student record. o No

If no, explain:

**Eligibility Determination**

Existence of disability: n Yes o No

Student is making effective progress in regular education: o Yes n No

Eligible for special education services: n Yes o No

**If student is not eligible for special education, complete Parts C & D on last page of IEP form. If student is eligible for special education, complete the IEP form.**

**4. IEP INFORMATION**

Liaison Name: Bernice Robillard  Position: L.D. Specialist  Telephone: (978)534-7756

IEP Period: 01/18/00 to 0/01/2001  Next Scheduled Annual Review Date: January 2001

Scheduled Three Year Evaluation Date: January 2003

Cost Share Placement: o Yes, Cost Share Participants: ____ n

PLAINTIFF'S EXHIBIT 1

**Student Name:** Michael Demers **Date of Birth:** 09/23/84 **IEP From:** 01/18/00 **To:** 01/18/2001

**PART B: STUDENT SECTION** Page 2

**1. STUDENT PERFORMANCE PROFILE**

**Describe: (a) student's areas of strength; (b) student's area(s) of need; and (c) the current level(s) of performance for each area of need that corresponds to attached goal(s) and objectives.**

Michael's cognitive ability is within the low average range. Michael's processing speed (ability to put pencil to paper) is average as long as he understands the assignment. Michael has weaknesses in long term retrieval and this weakness will affect his ability to retain facts in all content area subjects and material that he has been taught in the past.

Overall, on the day to day tasks in Reading of content material he can perform at an average rate when modifications are in place. This same performance level will hold true when he is asked to complete written work.

Any tasks beyond the basics in reading and especially mathematics will be difficult for Michael.

**2. STUDENT INSTRUCTIONAL PROFILE**

**Describe: (a) student's approach to learning; and (b) instructional approaches and/or modifications in the classroom and other settings that will facilitate successful accommodation and education for the student, including teaching approach, curriculum methods, equipment, assistive technology, staff, facilities, grading, testing, etc.**

Modifications to include:

-Instruction sheets with visual clues will be helpful.

-Limit the amount he is required to copy.

-Minimize lengthy written assignments.

-Organizational support/ homework notebook.

-Preview and review material .

-Reading material at his level.

**Student Name:** Michael Demers **Date of Birth:** 09/23/84 **IEP From:** 01/18/00 **To:** 01/01/2001

**3. GOALS AND OBJECTIVES**

**Domain** LeoRES5-6 **Sequence** 1.1

**Goal 1.1**

Michael WILL DEMONSTRATE IMPROVED MATHEMATICAL SKILLS ACCORDING TO THE LEARNING STRANDS ESTABLISHED BY THE MATHEMATICAL CURRICULUM FRAMEWORK.

**Objectives and Evaluation Procedure and Schedule**

**Objective 1.1.1**

Michael will add whole numbers with regrouping in the tens, hundreds, thousands, and ten-thousands places.

Evaluation Procedure: Informal assessments, review of work samples.

Evaluation Schedule: As needed.

**Objective 1.1.2**

Michael will subtract whole numbers with renaming in any and/or all places.

Evaluation Procedure: Informal assessments, review of work samples.

Evaluation Schedule: As needed.

**Objective 1.1.3**

Michael will use addition skills to check computation of subtraction examples.

Evaluation Procedure: Informal assessments, review of work samples.

Evaluation Schedule: As needed.

**Objective 1.1.4**

Michael will multiply any whole number by any whole number with or without regrouping.

Evaluation Procedure: Informal assessments, review of work samples.

Evaluation Schedule: As needed.

**Objective 1.1.5**

Michael will divide any whole number by any one digit whole number with or without remainders.

Evaluation Procedure: Informal assessments, review of work samples.

Evaluation Schedule: As needed.

**Objective 1.1.6**

Michael will display knowledge of inches, feet, yards, and miles in measuring length and distance.

Evaluation Procedure: Informal assessments, review of work samples.

**Student Name:** Michael Demers **Date of Birth:** 09/23/84 **IEP From:** 01/18/00 **To:** 01/01/2001

**3. GOALS AND OBJECTIVES**

**Domain** LeoRES5-6 **Sequence** 1.1

Evaluation Schedule: As needed.

**Objective 1.1.7**

Michael will identify one-half, one-third, one-fourth of a figure.

Evaluation Procedure: Informal assessments, review of work samples.

Evaluation Schedule: As needed.

**Objective 1.1.8**

Michael will solve word problems that are written at the current reading level, using addition, subtraction, and multiplication skills mastered to this point.

Evaluation Procedure: Informal assessments, review of work samples.

Evaluation Schedule: As needed.

**Objective 1.1.9**

Michael will understand and use graphs.

Evaluation Procedure: Informal assessments, review of work samples.

Evaluation Schedule: As needed.

**Progress Report Information**

**Sequence 1.1**

It is anticipated that your child will meet the goals of this IEP during its duration. [ ] Yes [ ] No

Progress reports will be issued as least as often as progress is reported for students in regular education.
For students in collaborative and private school placements, progress reports shall be quarterly.
The annual review meets the requirement for the annual progress report.

**Student Name:** Michael Demers **Date of Birth:** 09/23/84 **IEP From:** 01/18/00 **To:** 01/01/2001

## 3. GOALS AND OBJECTIVES

**Domain** LeoSCLD3-6 **Sequence** 2.1

**Goal 2.1**

Michael WILL IMPROVE WRITTEN LANGUAGE SKILLS.

**Objectives and Evaluation Procedure and Schedule**

**Objective 2.1.1**

Michael will write a paragraph when given a topic sentence.

Evaluation Procedure: Informal assessments, review of work samples.

Evaluation Schedule: As needed.

**Objective 2.1.2**

Michael will follow grade appropriate rules for capitilization and punctuation.

Evaluation Procedure: Informal assessments, review of work samples.

Evaluation Schedule: As needed.

**Objective 2.1.3**

Michael will write two to three dictated sentences in correct grammatical form.

Evaluation Procedure: Informal assessments, review of work samples.

Evaluation Schedule: As needed.

**Objective 2.1.4**

Given a topic Michael will follow the writing, editing and revising procedure in written language assignments.

Evaluation Procedure: Informal assessments, review of work samples.

Evaluation Schedule: As needed.

**Objective 2.1.5**

Michael will take notes and summarize information from reference works to produce a grade appropriate research paper.

Evaluation Procedure: Informal assessments, review of work samples.

Evaluation Schedule: As needed.

**Progress Report Information**

**Sequence 2.1**

It is anticipated that your child will meet the goals of this IEP during its duration. [ ] Yes [ ] No

**Student Name:** Michael Demers **Date of Birth:** 09/23/84 **IEP From:** 01/18/00 **To:** 01/01/2001

## 3. GOALS AND OBJECTIVES

Progress reports will be issued as least as often as progress is reported for students in regular education.
For students in collaborative and private school placements, progress reports shall be quarterly.
The annual review meets the requirement for the annual progress report.

**Student Name:** Michael Demers **Date of Birth:** 09/23/84 **IEP From:** 01/18/00 **To:** 01/01/2001

**4. SPECIAL EDUCATION SERVICE DELIVERY**

**School District Cycle:** n 5 day cycle o 6 day cycle o 10 day cycle o Other ______

| B. Special Education and Related Services in Regular Education Classroom (Direct Services) | | | | | | |
|---|---|---|---|---|---|---|
| Type of Service | Focus on Goal # | Person(s) Responsible | Start Date | Freq/Duration per Day/Cycle | Total Time/ Cycle | Comments/Nature of Services/Location (when Applicable) |
| L.D. | 2 | L.D. Specialist | 01/18/00 | 2 x 30 | 60 | |

| C. Special Education and Related Services in Other Setting (Direct Services) | | | | | | |
|---|---|---|---|---|---|---|
| Type of Service | Focus on Goal # | Person(s) Responsible | Start Date | Freq/Duration per Day/Cycle | Total Time/ Cycle | Comments/Nature of Services/Location (when Applicable) |
| L.D. | 1 | L.D. Specialist | 01/18/00 | 3 x 30 | 90 | |

**Service Delivery Totals Per Cycle**

Total consultation time (A) ______

Total service delivery time in regular education classroom (B) 60.00

Total service delivery time in other setting (C) 90.00

**Time and Prototype Determinations**

Total time in student's school cycle 1600.00

Total time of special education/related services in regular education and other settings (B + C) 150.00

Total time in regular education without special education/related services (school cycle - (B + C )) 1450.00

Prototype: Total time outside regular education with special education/related services (C / school cycle) 502.2 0.06

Student Name: Michael Demers

ADDENDUM TO THE IEP

THE ADDENDUM INCUDES THESE COMPONENTS:

[ ] Description of studentís participation in the general curriculum and state and district-wide assessments.
[ ] Description of accommodations in specific content areas (if applicable).
[ ] Description of planned alternative assessment in specific content areas (if applicable).
[ ] Other elements of the IEP as required by IDEA-97.

---

Fill out the table below. Consider any state of district-wide assessment to be administered during the time span covered the this IEP. For each content area, identify the studentís ASSESSMENT PARTICIPATION STATUS by putting an "X" in the corresponding box in column 1, 2A, OR 2B. Put "NTS" (No Testing Scheduled) in the same column box if no state or district-wide assessment is scheduled for the student during the time span covered by the IEP.

| | PARTICIPATION IN THE GENERAL CURRICULUM | | |
|---|---|---|---|
| | Student receives neither special education NOR instructional accommodations as part of a Section 504 Plan in this content area. | Student receives special education OR instructional accommodations as part of a Section 504 Plan in this content area. | |
| | 1. Assessment partic. Student participates in on-demand testing under routine conditions in this content area. | 2A. Assessment partic. Student participates in on-demand testing with with accommodations in this content area [See (1) attached] | 2B. Assessment partic. Student participates in alternative assessment in this content area. [See (2) attached] |
| CONTENT AREAS | COLUMN 1 | COLUMN 2A | COLUMN 2B |
| History and Social Sciences | | X | |
| Science and Technology | | X | |
| Mathematics | | X | |
| English and Language Arts | | X | |
| Reading (elementary only) | | | |

Student Name: Michael Demers

ADDENDUM TO THE IEP (Page 2)

(1) For each content area identified by an X in Column 2A above: Note the content area in the space provided here and describe the accommodations necessary for participation in the on-demand testing. Any accommodations used for assessment purposes should be closely modeled on the accommodations that are provided to the student as part of his/her instructional program. If necessary, write information on an additional pate and attach to the IEP Addendum.

extended time
small group setting

(2) For each content area identified by an X in Column 2B above: Note the content area in the space provided here and describe how that content area will be alternatively assessed. Use as much detail as necessary to cover all five elements described in the guidelines for alternative assessment. Guidelines are detailed in the directions for the Addendum. If necessary, write information on a additional page and attach to the IEP Addendum.

**Student Name:** Michael Demers **Date of Birth:** 09/23/84 **IEP From:** 01/18/00 **To:** [illegible]

**PART B: STUDENT SECTION**

**5. SCHOOL DAY/SCHOOL YEAR**

The length of student's school day and/or school year is modified:

o Yes ______ Days per year ______ Hours per day n No

If yes, basis for modified duration: ______

**6. TRANSPORTATION PLAN**

A special transportation plan is needed: o Yes n No

If yes, check one of the following and describe:

o Regular transportation with modifications

o Special transportation

o Parent-provided transportation with reimbursement at state rate

Describe: ______

**7. DISCIPLINE CODE**

The student's disability interferes with his/her capacity to meet the regular discipline code: o Yes n No

If yes, describe modifications: ______

**8. PARTICIPATION IN REGULAR EDUCATION**

State the students's participation in regular education for the duration of this IEP (including academic; non-academic; physical education, adapted as necessary; and extracurricular activities): student will participate in all subjects (math in small group; CFC in small group)

For students receiving special education and/or related services outside of the regular education classroom, provide a justification: needs small group instruction

For students who are not in a regular education classroom 100% of the time, identify steps to increase the student's participation in regular education: attainment of goals

**9. GRADUATION/DIPLOMA**

For students 14 years or older, the TEAM has determined that the student is expected to graduate from high school:

✓ Yes o No If yes, anticipated date of graduation: ______

Criteria for graduation includes modifications: o Yes n No If yes, describe: ______

**10. ATTACHED INFORMATION**

Statement of Needed Transition Services o Yes n No

State Mandated Testing Attachment: n Yes o No

Other: ______ o Yes n No

Student Name: Michael Demers Date of Birth: 9/23/84 IEP From: 1/1/2000 To: 01/01/2001

**PART C: PARTICIPANTS IN TEAM MEETING SECTION**

| Persons Present at Meeting | Role/Assessment Responsibility |
|---|---|
| CAfarivriere | SPED Coordinator |
| Bernice Robillard | LD Specialist |
| Cynthia O'Brien | School Psychologist |
| [illegible] | Internship |
| Theresa P. [illegible] | Guidance Counselor |

Sources of Additional Written Input

| Name | Role |
|---|---|
| | |

**PART D: RESPONSE OPTIONS/SIGNATURES SECTION**

**Parent Response and Signatures**

☑ I have received a copy of the Parents' Rights Brochure. Previously Sent On / /

In the space below, check the option(s) of your choice, sign and date this form, and make any comments you wish. You may request an independent evaluation* under the following circumstances: if you postpone a decision, if you reject the IEP in full, if you reject the finding of no eligibility for special education, if you reject any portion(s) of the IEP.

☑ I accept the IEP in full.

☐ I accept the finding of no eligibility for special education.

☐ I postpone a decision until the completion of an independent evaluation.

☐ I request an independent evaluation.

☐ I reject the IEP in full.

☐ I reject the finding of no eligibility for special education.

☐ I reject the following portions of the IEP with the understanding that any portion(s) that I do not reject will be considered accepted and implemented immediately Rejected portions are as follows:

☐ I request a meeting to discuss the rejected IEP or rejected portion(s).

Signature: Sandra Demers Date: 3-10-2000
(Parent/Foster Parent/Guardian/Educational Advocate/Student 18 and Over)

**School Personnel Response and Signatures**

I certify that the goals in this IEP are those recommended by the TEAM and that the indicated services will be provided.

Judith P. Mulhern 2/14/00
(Principal Signature/Date)

CAfarivriere 3/7/00
(Special Education Administrator Signature/Date)

If placement outside the local education agency is recommended, I certify that services stated in the IEP will be provided at:

(Facility Name/Address)

/ /
(Director of Accepting Facility Signature/Date)

* The right to an independent evaluation at school committee expense shall continue for sixteen(16) months after the initial evaluation or reevaluation with which the parent disagrees. A school committee shall not be required to pay for an independent evaluaton requested or obtained after that time.

Sample Letter #11 -Statement of Needed Transition Services

Michael Demers DOB 9-23-84 IEP Period 1-18-2000→1-1-2001

POST SCHOOL VISION STATEMENT

Describe student's desired outcomes in adult living, post-secondary, and working environments: NA

NEEDED TRANSITION SERVICES INCLUDING INTERAGENCY RESPONSIBILITIES AND/OR LINKAGE(S)

Goals and objectives must be written only if the transition service requires specially designed instruction and/or related services.

Instruction ____Yes √ No
If yes, Annual needed Services Statement and responsible party:

If no, basis for decision:

Community Experience ____Yes ✓ No
If yes, Annual needed Services Statement and responsible party:

If no, basis for decision: student presently in Gr 8/ Gr 9 in Sept 2000

Employment and other post-school adult living objectives ____Yes ____No
If yes, Annual needed Services Statement and responsible party:

If no, basis for decision: Gr 8 → Gr 9 Sept 2000

Daily Living Skills ( If appropriate)____Yes ____No
If yes, Annual needed Services Statement and responsible party:

Michael Demers

Functional Vocational Evaluation (if appropriate) _____Yes __X__ No
If yes, Annual needed Services Statement and responsible party:

CHAPTER 688 REFERRAL

Check one of the following:
____Applicable __X__Not Applicable If applicable, answer the following:

A chapter 688 referral should be made for the student two years prior to graduation or age 22:
_____Yes _____No
If yes, referral date:________________

WORK:
NAME mike DEMERS HOME: 534-9089

| DATE | PERIOD | SENT BY: | REASON: | DISPOSITION: |
|---|---|---|---|---|
| 10/11/96 | RECESS | COMERFORD | FIGHT WITH "CHUCK GARLAND" | ISS |
| 11/13/96 | RECESS | " | TROUBLE WITH KEN GRIFFITH | NO RECESS |
| 4/17/97 | RECESS | | 1/ FIGHT WITH JAKE 2/ KICKED IN FACE 3/ SPIT ON HIM | |
| 1/27/98 | – | | Skipped 2 detentions | ISS called home |
| 3/16/98 | LUNCH | | KICKING "PATRICK" UNDER TABLE | ASSIGNED SEATING |
| 3/23/98 | | Infermi | SKIPPED 2 DET IN A ROW | ISS |
| 3/26/98 | 5 | Worthley | SLAPPED NATE FONTAINE | ISS |
| 4/1/98 | LUNCH | MAC | PUNCHED "HECTOR FERRARIA" | 2 - ISS |
| 4/7/98 | DETENTION | Infermi | 1. OBNOXIOUS BEHAVIOR 2. ASKED TO LEAVE | 1 SS |
| 4/12/98 | | CASTRES | 1. STOLE BOX OF TACKS 2 ON CHAIRS | ISS |
| 5/21/98 | | | SKIPPED DET | ALL SPECIALS LUNCH FREE TIME } GONE |
| 9/24 | Gym | Jacobs | Swearing (F word) Swore at Mrs. Jacobs | Suspension 2 days |
| 9/28 | AM | | "WHAT THE FUCK" TO MRS. GALLAGHER | ~~ISS~~ 2 DET |
| 10/1 | Art | Pondusco | Disturbing Class Tapping + Drumming | Detention 10/2/98 |
| 10/6 | MUSIC | SUB | HARD TIME | 2 DET |
| 10/6 | | BULGAR | LIED ABOUT BEING IN OFFICE | 1 DET |
| 10/15/98 | | PANDISCIO | RUNNING AROUND ROOM | AM DET |
| 10/29/98 | LUNCH | | FIGHT WITH "will Johnson" | |
| 10/29/00 | | | PUT OUT OF | |

PENGAD-Bayonne, N.J.
PLAINTIFF'S EXHIBIT 2
00

Page 2

NAME Demers, Mike WORK: HOME:

| DATE | PERIOD | SENT BY: | REASON: | DISPOSITION: |
|---|---|---|---|---|
| 11/13 | 2nd Music | M. Trembly | Rude & Disturbing | 1 Detention 11/16 |
| 12/8/98 | HALL | | 1. SET UP AN ATTACK ON RYAN COGAN | 1 0 |
| 1/7/99 | 2 | ART | 1. LATE TO CLASS 2. PLAYING WITH PROJECT | 2 DET |
| 3/18 | | 9AM In hall Slammed Derek Ritter | | Suspended - Father |
| | | Sent home - Will | Call | |
| 3/30 | music | Dis Hudson | Disturbing class | Detention |
| 4/15 | Geog 6th | Dennis Dargis | Called Police who met with | Suspended Mike |
| | | | Dennis (J Morales) | |
| 5/17/99 | AM | INGEMIE | FU - DIRECTED TOWARD INGEMIE / C. MORRISETTE | 3 - OSS |
| | | ← 1999 - 2000 → | | |
| 9/8/99 | 1st | Hudson - | Called into his class | Warning |
| | | | | |
| 10/6/99 | Homeroom | Sue Martin | Threaten to push Mrs. Martin through door | OSS Thurs. 10/7 |
| | | | | |
| 2/17 | Math | Mielinski | Sent to office for nothing | |
| 2/19 | CFC | " | Asked Paquette why he said a take a leak | |
| 2/7 | MATH | MIELINSKI | DISRUPTIVE - OUT OF CLASS | SUSPEND 2/7 & 2/8 |
| 2/11 | MATH | MIELINSKI | DISRUPTIVE | ? |
| 2/9 | Math | Mielinski | Swearing in class | Feb. 12 Sat Detention |
| 2/15 | CFC | " | Refused to leave Class | |

3

NAME Dewers

WORK

HOME

| DATE | PERIOD | SENT BY: | REASON: | DISPOSITION: |
|---|---|---|---|---|
| 2/29 | 11:30 | [illegible] | LEFT SCHOOL W/OUT PERMISSION | SUSPENDED T-THRU-FRI |
| 3/24 | 2:35 | GENDRON | - FIGHTING - PROFANITY | SUSPENDED THRU MON 3/27 |
| 4/7 | | GENDRON | THREATENING DRAWINGS | SUSPENDED THRU MON 4/10 RETURN TO SCP & MTG |
| 4/25 | | Didn't take psychiatric | | |
| 5/1 | | MTG W/HITCHCOCK | ~~[illegible]~~ PSYCH MISSING MTG | EXCLUDED FOR BALANCE OF YR |
| | | Letter sent to Rappa 5/1 2:00 PM | | |

TO: Dr Rappa, Superintendent
FROM: Mrs. Mulkern
DATE: May 1, 2000
RE: Exclusion of Michael Demers Grade 8

On Friday, April 7th, Mrs. Hitchcock came to Northwest and met with Michael Demers and Mrs. Mulkern. Two extremely violent drawings created by Michael were discussed and Mrs. Hitchcock scripted the discussion.

Following that session, Michael was suspended until an emergency meeting could be held with the school psychologist, Miss O'Brien, Michael, and his parents.

On Tuesday, April 11th a meeting was held with Mr. Demers, Michael, Mrs. Hitchcock, Mrs. O'Brien, Mr. Hathaway, and Mrs. Mulkern.

Michael was allowed to stay at Northwest with the understanding that he would have a psychiatric evaluation which had been scheduled by the parents on April 24, 2000.

Michael chose to NOT go for the evaluation. The parents were aware of the seriousness of this situation but could not make him attend.

On April 25, 2000, Mr. Demers was notified that Michael could not be in school since the psychiatric was not completed and that test was a condition of his being in school.

An emergency meeting was held today, May 1, 2000 with Miss Gizzi, Mrs. O'Brien, Mr. Hathaway, Mrs. Hitchcock, and Mrs. Mulkern. The result was that Michael is excluded for the rest of the school year and that alternative SPED services will be offered.



John A. Bosk
Attorney at Law
P.O. Box 486
Fitchburg, Massachusetts 01420

(978) 342-4500
Fax (978) 342-4553

Dr. Joseph Rappa
Superintendent of Schools
24 Church St.
Leominster, Mass. 01453

re: Expulsion of Michael Demers
Northwest School

May 6, 2000

Dear Dr. Rappa,

Please be advised that I represent Michael Demers, a student at Northwest School who has been expelled.

We are requesting an immediate appeal hearing on this matter pursuant to state law.

Please advise this office as to when and where that meeting can be held.

Yours very truly,

Z 364 508 790

US Postal Service
**Receipt for Certified Mail**
No Insurance Coverage Provided.
Do not use for International Mail *(See reverse)*

| Sent to | SUPT. JOSEPH RAPPA |
|---|---|
| Street & Number | 24 CHURCH ST. |
| Post Office, State, & ZIP Code | LEOMINSTER, MASS. 01453 |
| Postage | $ .33 |
| Certified Fee | 1.40 |
| Special Delivery Fee | |
| Restricted Delivery Fee | |
| Return Receipt Showing to Whom & Date Delivered | 1.25 |
| Return Receipt Showing to Whom, Date, & Addressee's Address | |
| TOTAL Postage & Fees | $ 2.98 |
| Postmark or Date | |

PS Form 3800, April 1995

2 for additional services.
4b.
ess on the reverse of this form so that we can return this
nt of the mailpiece, or on the back if space does not
quested" on the mailpiece below the article number.
low to whom the article was delivered and the date

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery

EPH RAPPA
ST.
MASS. 01453

4a. Article Number Z 364 508 790
4b. Service Type
☐ Registered ☒ Certified
☐ Express Mail ☐ Insured
☐ Return Receipt for Merchandise ☐ COD
7. Date of Delivery 5/8
8. Addressee's Address (Only if requested and fee is paid)

ame)
or Agent)

ber 1994 102595-99-B-0223 Domestic Return Recei

Thank you for using Return Receipt Service.

PLAINTIFF'S EXHIBIT 4